

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAR ELECTRICAL CONTRACTORS, INC., a Missouri Corporation;
and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KOREY CURLEY, on behalf of himself and other similarly-situated and
aggrieved employees

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/04/2021 at 03:33:31 PM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: San Diego Superior Court | CASE NUMBER:<br>*(Número del Caso)*: 37-2021-00019761-CU-OE-CTL |

Hall of Justice
330 West Broadway, San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Jason Hill, Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101; (619) 595-3001

| DATE: 05/05/2021<br>*(Fecha)* | Clerk, by *R. Chanez*<br>*(Secretario)* R. Chanez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PAR Electrical Contractors, Inc. *a Missouri Corporation*

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>J. Jason Hill (SBN 179630)<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001    FAX NO.: 619-595-3000<br>ATTORNEY FOR *(Name):* Plaintiff KOREY CURLEY | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/04/2021** at 03:33:31 PM<br>Clerk of the Superior Court<br>By Regina Chanez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 West Braodway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
CURLEY v. PAR ELECTRICAL CONTRACTORS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2021-00019761-CU-OE-CTL |
|---|---|---|
| [✓] **Unlimited**   [ ] **Limited**<br>(Amount     (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Katherine Bacal<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Thirteen (13)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 4, 2021
J. Jason Hill
_____                 _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**05/04/2021** at 03:33:31 PM
Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**NAKASE LAW FIRM, INC.**
Brad Nakase (SBN 236226)
brad@nakaselawfirm.com
Jared D. Peterson (SBN 270473)
jared@nakaselawfirm.com
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
Telephone: (619) 550-1321

Attorneys for Plaintiff Korey Curley, on behalf of himself
and other similarly-situated and aggrieved employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KOREY CURLEY, on behalf of himself and other similarly-situated and aggrieved employees,<br><br>       Plaintiff,<br><br>  vs.<br><br>PAR ELECTRICAL CONTRACTORS, INC., a Missouri Corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | CASE NO. 37-2021-00019761-CU-OE-CTL<br><br>**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF AND PENALTIES**<br><br>1. **FAILURE TO PAY MINIMUM, REGULAR AND OVERTIME WAGES**<br>2. **FAILURE TO PROVIDE MEAL PERIODS**<br>3. **FAILURE TO PROVIDE REST PERIODS**<br>4. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**<br>5. **FAILURE TO PAY WAGES TIMELY TO TERMINATED EMPLOYEES**<br>6. **FAILURE TO MAINTAIN ACCURATE RECORDS**<br>7. **VIOLATIONS OF THE UNFAIR COMPETITION LAW** |

8. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES**

9. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE MEAL PERIODS**

10. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE REST PERIODS**

11. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

12. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY WAGES TIMELY TO TERMINATED EMPLOYEES**

13. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO MAINTAIN ACCURATE RECORDS**

**DEMAND FOR JURY TRIAL**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff KOREY CURLEY ("Plaintiff"), on behalf of himself and other similarly-situated and aggrieved employees, and as a Representative of the State of California's Labor and Workforce Development Agency ("LWDA"), hereby alleges as follows:

## I.

## INTRODUCTION

1. Plaintiff brings this proposed class action against his former employer PAR ELECTRICAL CONTRACTORS, INC., a Missouri Corporation, and DOES 1-10 (collectively referred to as "Defendants") for multiple wage and hour violations under the California Labor Code to recover unpaid minimum, regular, and overtime wages. Specifically, during all or a significant part of the applicable limitations period, or proposed "Class Period" (which is defined at any time from four years prior to the commencement of this action until the commencement of trial in the matter), Plaintiff alleges Defendants did not pay him or other hourly non-exempt employees all wages for all hours worked, including time spent working during purported meal periods. Plaintiff seeks to recover compensation for Defendants' failure to provide compliant meal and rest periods, as well as derivative claims for failure to provide accurate itemized wage statements and timely pay all wages due at separation from employment. Plaintiff also brings this action for unfair competition under Business and Professions Code sections 17200, *et seq.*

2. Pursuant to Labor Code sections 2698, et seq., Plaintiff seeks to represent all current and former non-exempt employees of Defendants who suffered one or more of the alleged violations ("aggrieved employees") as described herein during the applicable limitations period for the time period covered by the PAGA (which is defined as any time from one year and 65 days prior to the commencement of this action until the commencement of trial in the matter). The applicable limitations period is referred herein as "the PAGA Period."

3. Pursuant to Labor Code sections 2698, et seq., Plaintiff also seeks to recover civil penalties and reasonable attorney's fees and costs. Plaintiff, by operation of law, has standing and capacity to sue as a representative of the State of California. Plaintiff mailed written notice of the specific provisions of the Labor Code that Defendants violated, including

Class and Representative Action Complaint

the facts and theories to support the alleged violations, to the LWDA and to Defendant PAR Electrical Contractors, Inc. pursuant to Labor Code section 2699.3 on February 4, 2021. A true and correct copy of the notice is attached as **Exhibit A** and incorporated by this reference. Defendants did not provide notice of cure and the LWDA did not provide notice of investigation in the 65 days after the February 4, 2021 mailing of the PAGA notice

## II.

## <u>JURISDICTION AND VENUE</u>

4.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants conduct business throughout the County of San Diego, and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct effect on Plaintiff and other similarly-situated employees within the State of California and San Diego County. Defendants employ numerous employees in San Diego County and in California generally. There is no federal question at issue for removal under 28 U.S.C. section 1331, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, and the Code of Civil Procedure.

5.      Plaintiff alleges, on information and belief, that no federal question is raised and that the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), does not apply, or in the alternative, that exceptions for local case or controversy under the CAFA do apply and prohibit removal of the action the federal court. Plaintiff is also informed and believes that based on his rate of pay, his individual claims, including those individual PAGA claims, do not arise to the necessary amount in controversy so as to implicate traditional jurisdiction under 28 U.S.C. section 1332(a) or jurisdiction under the CAFA. Further as a representative action under the PAGA, the matter is not subject to removal under 28 U.S.C. sections 1332(a)-(d). PAGA civil penalty actions are not subject to federal jurisdiction.

## III.

## <u>THE PARTIES</u>

6.      Plaintiff KOREY CURLEY is former employee of Defendants. At all relevant

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

times, he was employed by Defendants as a non-exempt electrical installer in the county of San Diego. His employment ended on approximately December 11, 2020.

7. Plaintiff alleges that all other non-exempt hourly electrical installers in the State of California worked under Defendants' policies and as a result, suffered the same violations alleged herein.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant PAR ELECTRICAL CONTRACTORS, INC. is a Missouri corporation that provides electrical services to its customers throughout California.

9. Pursuant to California Labor Code sections 558, 558.1, and 1197.1, Defendants are employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as California Labor Code sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as employers of Plaintiff for such violations pursuant to California Labor Code sections 558, 558.1, and 1197.1.

10. At all times relevant, PAR Electrical Contractors, Inc. did, and does, transact and conduct business in the state of California, including, but not limited to, within the jurisdiction of the Court. At all times relevant, PAR Electrical Contractors, Inc. was Plaintiff's employer for purposes of the California wage and hour laws at issue in this action.

11. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged of Defendants sued as DOES 1 through 10, but is informed and believes, and based on that alleges, that DOE Defendants are legally responsible for the wrongful conduct alleged, and sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

12. Plaintiff is informed and believes and, based thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly-situated and aggrieved employees, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## IV.

## **GENERAL ALLEGATIONS**

13.     During the Class and PAGA Periods, Plaintiff and similarly-situated and aggrieved employees were employed by Defendants and each of them, including Doe Defendants, within the state of California.

14.     During the Class and PAGA Periods, Plaintiff and other similarly-situated and aggrieved employees of Defendants worked under the same policies, practices, and procedures relating to their employment, including those governing wage statements, recordkeeping, payment of wages, and provisions of meal and rest periods applicable to Defendants' business.

15.     During the Class and PAGA Periods, Defendants maintained common policies and practices of failing to pay Plaintiff and other similarly-situated and aggrieved employees all minimum, regular, and overtime wages for all hours worked or under the Defendants' control.

16.     During the Class and PAGA Periods, Defendants did not pay any wages to Plaintiff and other similarly-situated and aggrieved employees for time they worked or were under Defendants' control off-the-clock, including time spent attending briefings, filling out patients' charts, and working during meal periods. To the extent this time was overtime or double-time, Defendants failed to pay overtime and double-time wages.

17.     During the Class and PAGA Periods, Defendants had a consistent policy which did not provide Plaintiff and other similarly-situated and aggrieved employees with duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and failed to pay such employees one (1) hour of pay at their regular rate of compensation for each workday a meal period was not authorized or permitted, as required by California wage and hour laws. Plaintiff and other similarly-situated and aggrieved employees regularly worked shifts of more than 10 hours per day and were not provided with a second off-duty meal period of 30 minutes for each shift of more than 10 hours, which began before the end of the tenth hour of work. When meal periods were provided, they

Class and Representative Action Complaint

were often non-compliant because they were short, late, or required to be taken on the premises. On information and belief, Plaintiff and other similarly-situated and aggrieved employees did not waive their right to receive meal periods, including their right to a second meal period on eligible workdays.

18. During the Class and PAGA Periods, Defendants had a consistent policy which did not authorize or permit Plaintiff and other similarly-situated and aggrieved to receive duty-free rest periods of at least ten (10) minutes per four (4) hours, or major fraction, worked, and failed to pay such employees one (1) hour of pay at their regular rate of compensation for each workday a rest period was not authorized or permitted, as required by California wage and hour laws. Furthermore, Plaintiff and other similarly-situated and aggrieved employees regularly worked shifts over 10 hours per day and were not provided with a third duty-free rest period of 10-minutes for each shift over 10 hours.

19. During the Class and PAGA Periods, Defendants consistently and knowingly failed to provide accurate itemized wage statements to Plaintiff and other similarly-situated and aggrieved employees. Wage statements issued by Defendants did not include, among other things, the correct total hours worked, nor the correct number of hours worked at each hourly rate. The total hours worked were incorrectly listed because off-the-clock time spent under Defendants' control was not included. Further, Defendants added fabricated hours to Plaintiff's and other similarly-situated and aggrieved employees' wage statements to make it appear as though 30-minute duty-free meal periods were taken, when in fact they were not. And because Plaintiff and other similarly-situated and aggrieved employees were not paid overtime and double-time wages in compliance with California law, the number of hours listed at the overtime rate and double-time rates were incorrect. Further, overtime and double-time rates were improperly calculated and so improperly listed in the wage statements. As a result, the wage statements that Defendants furnished to Plaintiff and other similarly-situated and aggrieved employees were incomplete and inaccurate and failed to comply with the requirements of Labor Code section 226(a).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

20.     During the Class and PAGA Periods, Defendants had a consistent policy of failing to pay Plaintiff and other similarly-situated and aggrieved employees all wages due upon separation, in violation of California state wage and hour laws. Because Defendants failed to pay all minimum and overtime wages and meal and rest period premiums owed during Plaintiff's and other similarly-situated and aggrieved employees' employment, final wages paid to Plaintiff and other similarly-situated and aggrieved employees were underpaid, as they did not include these amounts.

21.     Defendants' violations of California law, described above, stem from Defendants' centrally devised and uniformly implemented unlawful and unfair policies and practices.

22.     Plaintiff, on behalf of himself and other similarly-situated and aggrieved employees, seeks injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants as a result of the violations alleged. Business and Professions Code §§ 17200, *et seq*.

## V.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and all others similarly-situated as a class action pursuant to Code of Civil Procedure section 382.  The members of the Plaintiff Class are defined as follows:

> All individuals employed by Defendants in the State of California as non-exempt hourly electrical installation employees and/or any other similar job title or position at any time four years prior to the filing of this complaint until the time of trial in this action (the "Class" or "Plaintiff Class").

24.     Plaintiff seeks to certify a subclass of employees defined as:

> Plaintiff Subclass One ("Minimum Wage Subclass"): All members of the Plaintiff Class who performed work, were subject to Defendants' control, or were suffered or permitted to work, for any period of time while not clocked in.

25.     Plaintiff seeks to certify a subclass of employees defined as:

> Plaintiff Subclass Two ("Overtime Subclass"): All members of the Plaintiff Class who worked over eight (8) hours of work in one day or

forty (40) hours in one week.

26. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Three ("First Meal Period Subclass"): All members of the Plaintiff Class who worked one or more periods in excess of five (5) hours.

27. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Four ("Second Meal Period Subclass"): All members of the Plaintiff Class who worked one or more periods in excess of ten (10) hours.

28. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Five ("Rest Period Subclass"): All members of the Plaintiff Class who worked one or more periods in excess of three and one-half (3.5) hours.

29. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Six ("Wage Statement Subclass"): All members of the Plaintiff Class who received one or more itemized wage statements during the one year preceding the filing of this Complaint.

30. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Seven ("Waiting Time Subclass"): All members of the Plaintiff Class whose employment ended at any time during the three years preceding the filing of the Complaint.

31. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Eight ("Records Subclass"): All members of the Plaintiff Class whose total daily hours worked or start or end time of work periods or meal periods was not accurately recorded by Defendants.

32. Plaintiff seeks to certify a subclass of employees defined as:

Plaintiff Subclass Nine ("The UCL Subclass"): All members of the Plaintiff Class who were subject to Defendants' unlawful or unfair business acts or practices and who may be owed restitution of unpaid wages.

33. Plaintiff reserves the right to amend or modify the Class description, including by division into subclasses or limitation to particular issues. California Rule of Court 3.765(b).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class and Representative Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

34.    **Commonality**: This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

35.    **Ascertainable Class**: The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

36.    **Numerosity**: The potential members of the Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit the parties and this Court. The number of Class and Subclass members is unknown to Plaintiff, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

37.    **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

38.    **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of the Class and Subclass members and has no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

39.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class Members. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

40.    The predominating common questions of law and fact include:

a.    Whether Defendants have a policy and practice of failing to pay wages for time spent under the Defendants' control when not clocked-in;

b. Whether Defendants have a policy or practice of failing to fully pay overtime compensation for hours worked in excess of eight per day or forty per week;

c. Whether Defendants have a policy or practice of failing to pay overtime compensation at the correct overtime rate;

d. Whether Defendants have a policy or practice of failing to provide compliant meal periods;

e. Whether Defendants have a policy or practice of failing to authorize or permit compliant rest periods;

f. Whether Defendants have a policy or practice of failing to provide accurate itemized wage statements;

g. Whether the Plaintiff Class and Waiting Time Subclass Members are entitled to waiting time penalties under Section 203;

h. Whether Defendants have a policy or practice of failing to maintain accurate records;

i. Whether Defendants violated Sections 17200, *et seq.* of the Business and Professions Code; and

k. Whether the Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum, Regular, and Overtime Wages
Labor Code §§ 510, 1194 and 1194.2; IWC Wage Order(s))
(By Plaintiff and each Member of the Minimum and Overtime Wages Subclass)**

41. Plaintiff incorporates the preceding paragraphs of this Complaint.

42. By failing to pay at least minimum wages for all hours worked, Defendants violated Labor Code section 1194 and the "Minimum Wages" section of the applicable IWC Wage Order(s).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

43. Labor Code section 1194.2 provides for liquidated damages equal to unlawfully unpaid minimum wages, with interest.

44. By failing to pay correctly calculated overtime wages for hours worked in excess of eight (8) in one day or forty (40) in one week and correctly calculated double-time wages for hours worked in excess of twelve (12) in one day, Defendants violated Labor Code sections 510 and 1194, and the "Hours and Days of Work" section of the applicable IWC Wage Order(s).

45. Defendants' unlawful acts deprived Plaintiff, the Class, and the Minimum Wages and Overtime Wages Subclasses of minimum and overtime wages in amounts to be determined at trial, and they are entitled to recover these wages, liquidated damages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Provide Required Meal Periods**
**Labor Code §§ 226.7 and 512; IWC Wage Order(s)**
**(By Plaintiff and each Member of the First and Second Meal Period Subclasses)**

46. Plaintiff incorporates the preceding paragraphs of this Complaint.

47. By failing to: provide duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work; provide second duty-free meal periods of at least thirty (30) minutes for shifts of ten hours or more, which began before the tenth hour of work; and pay premium wages of one (1) hour of pay at employees' regular rate of compensation for each workday a meal period was not provided, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512 and the "Meal Periods" section of the applicable IWC Wage Order(s).

48. Defendants' unlawful acts deprived Plaintiff, the Class, and the First and Second Meal Period Subclasses of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**Failure to Provide Required Rest Periods**
**Labor Code § 226.7 and IWC Wage Order(s)**
**(By Plaintiff and each Member of the Rest Period Subclass)**

49. Plaintiff incorporates the preceding paragraphs of this Complaint.

Class and Representative Action Complaint

50. By failing to authorize and permit Plaintiff and Class Members a paid rest period of at least 10 minutes for every four hours or major fraction worked per day, and by failing to provide premium wages at the regular rate of pay when not permitted or authorized, Defendants willfully violated the provisions of Labor Code section 226.7 and the "Rest Periods" section of the applicable IWC Wage Order(s).

51. Defendants' unlawful acts deprived Plaintiff, the Class, and the Rest Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements**
**Labor Code § 226**
**(By Plaintiff and each Member of the Wage Statement Subclass)**

52. Plaintiff incorporates the preceding paragraphs of this Complaint.

53. All employers must provide employees with accurate, itemized wage statements showing, among other things, total hours worked, and all applicable hourly rates in effect in a pay period and the corresponding number of hours worked at each rate. Labor Code § 226.

54. Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements showing all correct total hours worked; all correct hourly rates and the corresponding number of hours worked at each rate; and meal and rest period premiums earned.

55. As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff, the Class, and Wage Statement Subclass members are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee with interest and attorneys' fees and costs. Labor Code § 226(e).

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due at Separation**
**Labor Code §§ 201-203**
**(By Plaintiff and each Member of the Waiting Time Subclass)**

56. Plaintiff incorporates the preceding paragraphs of this Complaint.

57.     An employer who discharges an employee must pay all compensation due and to that employee immediately upon discharge. Labor Code § 201. An employer must pay all compensation due to an employee who quits within 72 hours. Labor Code § 201.

58.     Because Defendants did not pay all earned wages during employment, Defendants had a consistent policy of willfully failing to timely pay earned wages to former employees. If an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203. The penalty cannot exceed 30 days of wages.

59.     Waiting Time Subclass members are no longer employed by Defendants.

60.     Defendants willfully failed to pay Waiting Time Subclass Members the sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter, entitling them to waiting time penalties.

**SIXTH CAUSE OF ACTION**
**Failure to Maintain Accurate Records**
**Labor Code § 1174; IWC Wage Order(s)**
**(By Plaintiff and each Member of the Records Subclass)**

61.     Plaintiff incorporates the preceding paragraphs of this Complaint.

62.     Employers must maintain payroll records showing each employee's total daily hours worked and wages paid for at least three years. Labor Code § 1174. The "Records" section of the applicable IWC Wage Order(s) require employers to maintain accurate information about each employee's time records, including when the employee begins and ends each work period and meal period and the total daily hours worked.

63.     Defendants knowingly failed to comply with these provisions by, among other things, failing to accurately record employees' total daily hours worked and when they began and ended their work and meal periods.

64.     Defendants' unlawful acts damaged Plaintiff, the Class, and the Records Subclass in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**
**Violation of the Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.***
**(By Plaintiff and each Member of the UCL Subclass)**

65. Plaintiff incorporates the preceding paragraphs of this Complaint.

66. The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200, *et seq.*, defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

67. Defendants' conduct constitutes unlawful business practices because Defendants violated the California Labor Code, including but not limited to sections 226.7 (meal and rest), 227.3 (vacation wages), and 510 and 1194 (minimum and overtime wages), and sections of the applicable Wage Order(s).

68. Defendants' conduct constitutes unfair business practices because their denial of lawfully earned wages outweighs any utility of such practices.

69. As a result of Defendants' unlawful and unfair conduct, Plaintiff and Class members suffered injury in fact.

70. Plaintiff and Class members seek declaratory and injunctive relief, restitution, and other appropriate equitable relief. Bus. & Prof. Code §§ 17203, 17204.

71. Plaintiff and the proposed Class are entitled to recover reasonable attorneys' fees and costs incurred in bringing this action. Code of Civil Procedure § 1021.5.

72. This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each Subclass Member, for the four (4) year period before the Complaint filing, and as the primary remedy during the fourth year before the Complaint filing. Business and Professions Code § 17205.

**EIGHTH CAUSE OF ACTION**
**PAGA Penalties for Failure to Pay Minimum, Regular and Overtime Wages**
**(By Plaintiff and Aggrieved Employees)**

73. Plaintiff incorporates the preceding paragraphs of this Complaint.

74. "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the employee is entitled to recover in a civil action the unpaid balance of the full amount of this
minimum wage or overtime compensation, including interest thereon, reasonable attorney's
fees, and costs of suit." Labor Code § 1194(a).

75. "[A]ny provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." Labor Code § 2699(a).

76. "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions [ ] (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Labor Code § 2699(f)(2).

77. Section 2699.3(a) applies to any alleged violation of Labor Code sections 510, 1194, and 1194.1, and allows for recovery of PAGA civil penalties. Labor Code § 2699.5.

78. Defendants failed to pay minimum, regular, and overtime wages during the PAGA Period. Plaintiff will seek $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation.

79. Defendants' conduct violates Wage Order 4-2001, by failing to pay minimum wages to employees. Plaintiff will also seek $50 for the initial pay period an employee was underpaid, and $100 for each subsequent violation.

## NINTH CAUSE OF ACTION
**PAGA Penalties for Failure to Provide Meal Periods**
**(By Plaintiff and Aggrieved Employees)**

80. Plaintiff incorporates the preceding paragraphs of this Complaint.

81. By failing to provide duty-free meal periods of at least 30 minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and a second meal

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

period at least 30 minutes for shifts of ten hours or more, which began before the end of the tenth hour of work, Defendants willfully violated Labor Code sections 226.7 and 512, and Wage Order 5-2001.

82.     By failing to pay employees one hour of pay at their regular rate of compensation for each workday a meal period was not provided, Defendants willfully violated Labor Code sections 226.7 and 512, and Wage Order 5-2001.

83.     During the PAGA Period, Defendants failed to provide compliant meal periods. Plaintiff will seek penalties of $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation. Labor Code § 2699(f)(2).

## TENTH CAUSE OF ACTION
### PAGA Penalties for Failure to Provide Rest Periods
### (By Plaintiff and Aggrieved)

84.     Plaintiff incorporates the preceding paragraphs of this Complaint.

85.     By failing to authorize and permit Plaintiff a rest period of at least 10 minutes for every four (4) hours or major fraction thereof worked per day, Defendants willfully violated provisions of Labor Code section 226.7 and Wage Order No. 5-2001.

86.     By failing to provide one hour of pay at their regular rate of compensation when rest periods were not permitted or authorized, Defendants willfully violated the provisions of Labor Code section 226.7 and Wage Order No. 5-2001.

87.     During the applicable statutory period, Defendants failed to provide rest periods. Plaintiff will seek penalties of $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation. Labor Code § 2699(f)(2).

## ELEVENTH CAUSE OF ACTION
### PAGA Penalties for Failure to Provide Accurate Itemized Wage Statements
### (By Plaintiff and Aggrieved Employees)

88.     Plaintiff incorporates the preceding paragraphs of this Complaint.

89.     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing, among other things, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class and Representative Action Complaint

by the employee. Labor Code § 226(a).

90.    Defendants intentionally and willfully violated Section 226 by failing to provide wage statements which included information called for in Section 226(a)(1) (2), (5) and (9).

91.    Aggrieved employees are entitled to pursue civil penalties under the PAGA for violations of Labor Code section 226. Labor Code § 2699.5.

92.    Labor Code section 226.3 provides for civil penalties for violations of Section 226. Plaintiff seeks civil penalties of $250 for the initial violation and $1,000 for each subsequent violation.

**TWELFTH CAUSE OF ACTION**
**PAGA Penalties for Failure to Pay Wages Due at Termination**
**(By Plaintiff and Aggrieved Employees)**

93.    Plaintiff incorporates the preceding paragraphs of this Complaint.

94.    Labor Code sections 201-202 require employers to pay wages earned by employees within certain times. Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees. An employer that willfully fails to timely pay all final wages must, as a statutory penalty, pay an employee's wages for 30 days, or until back wages are paid in full. Labor Code section 203.

95.    Defendants failed to pay Plaintiff and other aggrieved employees all final wages due at termination, as required by Labor Code sections 201-202.

96.    Defendants failed to pay Plaintiff and other aggrieved employees penalties due them based on Defendants' failure to pay all final wages in a timely manner as required by Labor Code section 203. Plaintiff will seek penalties of $100 for the initial pay period an employee was not reimbursed, and $200 for each subsequent violation.

**THIRTEENTH CAUSE OF ACTION**
**PAGA Penalties for Failure to Maintain Accurate Records**
**(By Plaintiff and Aggrieved Employees)**

97.    Plaintiff incorporates the preceding paragraphs of this Complaint.

98.    Defendants violated Labor Code section 1174 and 1174.5 and the IWC Wage Orders, for failure to maintain accurate wage statement records, including all hours worked and wages paid at the appropriate rate to Plaintiff and aggrieved employees during the PAGA

Class and Representative Action Complaint

Period.

99. Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and other recoverable amounts under the foregoing sections of the Labor Code, in addition to under Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for which a civil penalty is not specifically provided

## PRAYER FOR RELIEF

Plaintiff prays for the following relief on behalf of himself and similarly-situated and aggrieved employees against Defendants:

1. Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Plaintiff Class;

2. Provision of class notice to Class members as defined above;

3. A declaratory judgment that Defendants knowingly and intentionally violated:

    a. California Labor Code sections 510 and 1194 by failing to pay minimum, regular and overtime wages;

    b. California Labor Code sections 226.7 and 512 by failing to provide meal and rest periods;

    c. California Labor Code section 226 by failing to provide accurate, itemized wage statements;

    d. California Labor Code section 203 by failing to pay waiting time penalties;

    f. California Labor Code section 1174 by failing to maintain accurate records; and

    g. California Business and Professions Code sections 17200, *et seq*. by engaging in unlawful or unfair business practices.

4. That Defendants be permanently enjoined from engaging in the unlawful or unfair acts and practices alleged;

5. An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and Class members, in an amount according to proof, pursuant to California Business and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class and Representative Action Complaint

Professions Code section 17203;

6.      Compensatory damages according to proof;

7.      Statutory damages as provided under the Labor Code;

8.      Liquidated damages as provided under the Labor Code;

9.      Pre-judgment interest on all sums collected;

10.     Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5, and the California Labor Code, or other applicable law;

11.     This action be maintained as a PAGA Representative Action, and Plaintiff and his counsel be provided with enforcement capability as if the action were brought by the DLSE;

12.     For recovery of civil penalties under Labor Code section 2699 for failure to pay all minimum, regular, and overtime wages owed pursuant to Sections 512, 1194, according to proof;

13.     For recovery of civil penalties under Labor Code sections 558 and 1197.1 for failing to pay overtime wages for all hours worked;

14.     For recovery of civil penalties under Labor Code section 2699 for failure to provide meal periods compliant with Labor Code sections 226.7 and 512, according to proof;

15.     For recovery of civil penalties under Labor Code section 2699 for failure to pay all meal period premiums due pursuant to Labor Code section 226.7, according to proof;

16.     For recovery of civil penalties under Labor Code section 2699 for failure to authorize and permit rest periods, pursuant to Labor Code section 226.7(a), according to proof;

17.     For recovery of civil penalties under Labor Code section 2699 for failure to pay all rest period premiums due pursuant to Labor Code section 226.7(b), according to proof;

18.     For recovery of civil penalties under Labor Code section 2699 for failing to provide accurate itemized wage statements pursuant to Labor Code sections 226 and 226.3, according to proof;

19.     For recovery of civil penalties under Labor Code section 2699(f)(2) for failing to timely pay all final wages (and waiting time penalties) on time each pay period or upon termination of employment pursuant to Labor Code sections 201-203;

20.    For recovery of civil penalties under Labor Code section 2699(f)(2) for failing to pay statutory waiting time penalties due pursuant to Labor Code section 203;

21.    For all applicable civil penalties to be distributed 75% to the LWDA and 25% to the aggrieved employees, subject to approval by the Court, Labor Code section 2699(i).

22.    Costs of suit; and

23.    Such other relief as the Court may deem appropriate.

**COHELAN KHOURY & SINGER**
**NAKASE LAW FIRM, INC.**

Dated: May 4, 2021                    By:_____
                                              Michael D. Singer, Esq.
                                              J. Jason Hill, Esq.
                                              Attorneys for Plaintiff Korey Curley, on behalf of himself and other similarly-situated and aggrieved employees

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

**COHELAN KHOURY & SINGER**
**NAKASE LAW FIRM, INC.**

Dated: May 4, 2021                    By:_____
                                              Michael D. Singer, Esq.
                                              J. Jason Hill, Esq.
                                              Attorneys for Plaintiff Korey Curley, on behalf of himself and other similarly-situated and aggrieved employees

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class and Representative Action Complaint

# EXHIBIT A

# COHELAN KHOURY & SINGER
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC•

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI
J. JASON HILL†
KRISTINA DE LA ROSA
ROSEMARY C. KHOURY

(† Also admitted in Illinois)

February 4, 2021

**NOTICE VIA ONLINE SUBMISSION**
California Labor and Workforce Development Agency

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

| | |
|---|---|
| PAR Electrical Contractors, Inc. | PAR Electrical Contractors, Inc. |
| 2800 Post Oak Blvd., Suite 2600 | 4770 North Belleview Avenue, Ste. 300 |
| Houston, TX 77056 | Kansas City, MO 64116 |

**Re:** **Notice pursuant to California Labor Code sections 2698, *et seq*., the Private Attorneys General Act ("PAGA"), sent by Korey R. Curley on behalf of himself and all other aggrieved employees of PAR Electrical Contractors, Inc. in the State of California, as an individual and as proposed a Representative of the State of California**

To PAGA Administrator and to PAR Electrical Contractors, Inc.:

Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq*., Mr. Korey R. Curley ("Curley" or "Claimant") gives notice of his intent to bring an action against his former employer, PAR Electrical Contractors, Inc. ("PAR Electrical" or "Employer"). Claimant submits this notice on behalf of himself individually, and on behalf of all current and former "aggrieved employees" employed by Employer as non-exempt hourly electrical installation employees or similar job title in California, to recover civil penalties for:

1) Violations of Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001 (as amended), section 11, for failure to provide compliant meal periods, or one hour of pay in lieu thereof;[1]

2) Violations of Labor Code section 226.7 and IWC Wage Order 4-2001 (as amended), section 12, for failure to provide timely and compliant paid ten-minute rest periods for every four hours worked (or major fraction thereof), or one hour of pay in lieu thereof;[2]

3) Violations of Labor Code sections 226(a) and 226.3 for failure to provide accurate and itemized wage statements showing all hours worked and applicable rates of pay;

---

[1] Claimant contends that based on DLSE Guidance, IWC Wage Order 4-2001 applies to his position.

[2] Claimant contends that based on DLSE Guidance, IWC Wage Order 4-2001 applies to his position.

4) Violations of Labor Code sections 203, 210, and 256 for failure to timely pay all wages due to terminated/separated employees; and

5) Violations of IWC Wage Order 4-2001 and Labor Code sections 558(a)(1) for civil penalty assessments only.

This letter serves as Claimant's written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency ("LWDA") the opportunity to investigate the alleged claims contained herein. If the LWDA does not intend to investigate the alleged violations, Claimant intends to file a civil action for PAGA penalties on behalf of himself and all other aggrieved employees working at locations within the State of California during the applicable limitations period ("the PAGA Period") which runs *at least* one year prior to the date of this Notice to the commencement of trial in any pending action.

## FACTUAL STATEMENT

Claimant was employed by PAR Electrical Contractors, Inc. as an hourly non-exempt employee ("electrical installer") in various areas throughout California, including Escondido, vista, Rancho Cucamonga, Fontana, Beaumont, Lake Arrowhead, Palmdale, and Orange, California during the applicable limitations period and ended his employment on approximately December 11, 2020. For all statements made herein, Claimant suffered actual harm by the Employer's failure to provide all wages due and failure to provide meal and rest periods or one-hour pay premiums in lieu thereof, as well as derivative claims for failure to provide Claimant accurate itemized wage statements and timely pay for meal and rest period premiums.

During Claimant's employment, he paid hourly as a non-exempt employee and had a general work schedule with handwritten time entries between 6:00 a.m. and 4:00 p.m., 5 to 6 days per week. In addition to hourly pay, some form of per diem compensation was provided but it is unclear from wage statements how that time was calculated or taxed.

During Claimant's employment, and as observed of other aggrieved employees, the Employer failed to authorize, permit, or provide compliant 30-minute unpaid duty-free meal periods to himself and all other hourly employees, and also did not pay one-hour premiums for non-compliant meal periods. Employees tracked their time worked manually on handwritten timesheets. Claimant generally worked from 6:00 a.m. to 4:00 p.m. Claimant and other employees generally worked through meal periods, but as a matter of company pattern and practice were instructed to write that they took 30-minute lunch periods when in fact they had not. Rather, at supervisor and management direction, the employees were directed to leave early without any meal period but to write in that they left at 4:00 p.m. on workdays. Frequently, last-minute work demands simply resulted in zero minutes taken for a meal period, with 30 minutes deducted from work time, and the employees still leaving at or after 4:00 p.m.

Ten-minute rest periods were non-existent and for any breaks attempted, the employees generally were not relieved of all duties and were subject to recall by the Employer, or simply were not unable to take timely and compliant rest periods for every 4 hours worked. In all, PAR

Electrical is in violation of the requirements set forth in Labor Code sections 226.7, 510, 512, and 1194, and IWC Wage Order 4-2001 (as amended), sections 4, 11, and 12. Additionally, premium pay was never provided for any non-compliant meal or rest period. The employees were essentially instructed by PAR Electrical managers and supervisors to falsify timecard entries, to their detriment and wage loss.

Claimant alleges that records will show the Employer's policy was to never pay premiums for non-compliant meal or rest periods, whether under Labor Code sections 226.7(b), 512(a), or Wage Order 4-2001, sections 11 or 12. That was the Employer's uniform policy, without regard to legal requirements. There was nothing about the nature of the work that would hinder the requirement to provide off-duty meal or rest periods in a timely fashion.

By not paying meal or rest period premiums, the Employer failed to provide critical and legally required data on wage statements and/or pay stubs to Claimant and other aggrieved employees, as those premiums should have been itemized as pay on the wage statements. This violated Labor Code section 226(a) provisions throughout the relevant time period and subjects PAR Electrical to civil penalties pursuant to Labor Code section 226.3 as well as Labor Code section 2699(f)(2) for each pay period.

Finally, for current and separated employees who were not paid proper premiums for non-compliant break periods, PAR Electrical violated Labor Code sections 201-204 by failing to timely pay wages and Labor Code section 203. This results in liability for the Employer for civil penalties pursuant to Labor Code section 2699(f)(2) and Labor Code section 210 for each pay period during the applicable PAGA limitations period.

Claimant alleges that the Employer acted with direct, substantial, and supervisory control over all aspects of his employment and that of other aggrieved employees, such that each was a joint Employer of all aggrieved employees and, that at a minimum, was acting in accordance with all policies and directives of PAR Electrical.

Alternatively, pursuant to Labor Code section 558.1, all managing agents, officers, and directors, who are unknown at this point, are liable for civil penalties pursuant to Labor Code section 558.1 and applicable Industrial Welfare Commission ("IWC") Wage Orders.

### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code §§ 218, 510, 1194, 1197, 1197.1, 1198, and 1199(c) and IWC Wage Order 4-2001 § 4)

Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

Labor Code section 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Labor Code section 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 1199, which is a statute listed for which PAGA default civil penalties are recoverable pursuant to Labor Code sections 2699.5 and 2699(f)(2), provides that:

"Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

> (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.

> (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

> (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

Labor Code section 1197 states: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

Labor Code section 1197.1 states: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203. For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed."

Pursuant to the "Hours & Days of Work" Section of the applicable Wage Order, an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the applicable Wage Order, an employer may not pay employees less than the applicable minimum wage for all hours worked and an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

The Employer violated Labor Code sections 218, 510, 1194, 1197, 1198, and the "Minimum Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order by failing to pay Claimant and other aggrieved employees all wages. The Employer also failed to pay overtime wages in instances in the employees' shift lengths would result in a shift length exceeding eight (8) hours.

Accordingly, Claimant now seeks *civil penalties* pursuant to the PAGA on behalf of himself and other aggrieved employees based on the alleged violations of the California Labor Code and applicable IWC Wage Orders.

## <u>FAILURE TO PROVIDE TIMELY AND COMPLIANT MEAL AND REST PERIODS</u>
(Labor Code §§ 226.7 and 512, and IWC Wage Order 4-2001, §§ 11-12)

Because Claimant and other aggrieved employees were hourly-paid, non-exempt employees, the Employer was required to comply with Labor Code sections 226.7 and 512, and Wage Order 4-2001, sections 11 and 12.

Labor Code section 226.7(b) provides:

> "An Employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

Labor Code section 226.7(c) provides:

> "If an Employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the Employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) provides:

> "(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

IWC Wage Order 4-2001, section 11(A) provides:

> "No Employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the Employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

IWC Wage Order 4-2001, section 11(B) provides:

> "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

During all of Claimant's employment, neither he nor any aggrieved employees were provided or authorized to take 30-minute duty-free meal periods. The policy and practice was to require employees to work through their meal period but still indicate on their timesheet that a meal period was taken. In addition, and aggravating, Employer failed to pay employees one-hour pay premiums at their regular rate of pay for any missed meal period even though the Employer knew it was depriving aggrieved employees of lawfully necessary lunch breaks.

Similarly, IWC Wage Order, section 12, requires that non-exempt employees are to be provided duty-free paid ten-minute rest periods for every four hours worked (or major fraction thereof). As indicated above, rest breaks were not provided or discouraged as a matter of pattern and practice, and when employees did seek to take ten-minute breaks, they were not relieved of all duty and subject to recall, and had no means of documenting the violation and request one hour of premium pay. As far as Claimant is aware, non-exempt employees working at job sites

were never provided premium pay for non-compliance with the applicable statutes and wage order concerning breaks.

Labor Code sections 226.7 and 512 are statutes specifically listed by Labor Code section 2699.5 as statutes for which violations of have been established to be subject to the default civil penalty provisions in Labor Code section 2699(f)(2). That section provides: "(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

Violation of IWC Wage Order 4-2001, sections 11 and 12 is governed by the civil penalty provisions of Labor Code section 558(a):

> (a) Any Employer or other person acting on behalf of an Employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> > (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> >
> > (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period…
> >
> > (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Accordingly, the Employer is subject to assessment of civil penalties pursuant to Labor Code section 2699(f)(2) for violations of statutes and subject to civil penalties for violations of the applicable Wage Order as provided by Labor Code section 558(a) in an amount according to proof. Claimant does not seek "underpaid wages" under Labor Code section 558, but only the $50 and $100 respective civil penalties for violations of the applicable Wage Order.

## FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS
### (Labor Code §§ 226(a), 226.3, and IWC Wage Order 4-2001 § 7)

Labor Code section 226(a) provides in pertinent part: "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, . . . (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

Labor Code section 226.3 provides in pertinent part: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law…"

IWC Wage Order 4-2001, section 7 provides in pertinent part:

"(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request….

(D) Clocks shall be provided in all major work areas or within reasonable distance thereto insofar as practicable."

Here, the Employer failed entirely to maintain accurate records all pay and rates applied by failing systematically failing to pay meal and rest period one-hour pay premiums and list those wages on the aggrieved employee wage statements and pay stubs. Claimant is informed and believes that the Employer's recordkeeping will show each and every violation electronically. Accordingly, the Employer's policies and procedures resulted in inaccurate pay records which failed to account for all "hours worked" in violation of Labor Code section 226(a), subsections (1), (2), and (5) It also violated the applicable Wage Order, section 7, on required recordkeeping.

The practices described herein violate Labor Code section 226.3, which assigns a specific civil penalty scheme for enforcement actions by the Department of Labor Standards and Enforcement ("DLSE") or the LWDA.

Labor Code section 226(a) is a statute listed under Labor Code section 2699.5 for which civil penalties may be recovered under the default civil penalty scheme outlined in Labor Code section 2699(f)(2), cited above.

Labor Code section 226.3 provides an additional recoverable penalty "in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation…" The civil penalty assessments under Section 226.3 "**are in addition to any other penalty provided by law**." [Emphasis added.]

Consequently, Claimant, on behalf of himself and other aggrieved employees, intends to file a representative action to recover civil penalties pursuant to the PAGA for the alleged violations for each pay period that aggrieved employees were provided inaccurate wage statements.

## FAILURE TO TIMELY PAY ALL WAGES DUE TO TERMINATED/SEPARATED EMPLOYEES
### (Labor Code §§ 203, 210, and 256)

Labor Code section 203 provides: "If an Employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 210(a) provides: "(a) In addition to, *and entirely independent and apart from, any other penalty provided in this article*, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee, and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." [Emphasis added.]

Labor Code section 256 provides: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."

Labor Code section 203 is a statute listed under Labor Code section 2699.5 for which civil penalties may be recovered under the default civil penalty scheme outlined in Labor Code section 2699(f)(2), cited above. Labor Code sections 210 and 256 provide an independent and non-cumulative basis to collect further civil penalties for the violations claimed herein.

Here, Claimant and other aggrieved employees who were subject to the above policies and practices of the Employer and who separated or were terminated from their employment within the applicable limitations period, were not paid all wages due in a timely manner as a result of Employer's failure to pay meal and rest period premiums for systematic non-compliance with Labor Code sections 512 and 226.7, and Wage Order Wage Order 4-2001, sections 11 and 12. Consequently, Claimant, on behalf of himself and other aggrieved employees, intends to file a representative action to recover civil penalties pursuant to the PAGA for the alleged violations.

## FAILURE TO MAINTAIN ACCURATE RECORDS AND UNDERPAYMENT OF WAGES
(IWC Wage Order 4-2001 and Labor Code § 558(a)(1))

As indicated above, IWC Wage Order 4-2001, section 7 requires payment of minimum, regular, and overtime wages, and requires the Employer to track and maintain accurate records of all hours worked. Based on the allegations above, the Employer's policies and practices led to the failure to pay all wages due, either at minimum wage, regular wages, and/or meal or rest period "premium" wages at the aggrieved employees' regular rate of pay for failure to provide compliant meal and rest periods during work shifts. Employer's policies and practices also violated the Wage Order's record keeping requirements.

Labor Code section 558(a) provides:

"(a) Any Employer or other person acting on behalf of an Employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid …

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid….

As applied here, for each violation of the applicable IWC Wage Order provisions, Claimant is entitled to recover $50 for the first violation and $100 for each subsequent violation for all aggrieved employees in California impacted by the Employer's policies and practices. Based on recent authority of the California Supreme Court, Claimant **does not** seek underpaid wages, but solely seeks the civil penalty remedy as permitted by Labor Code 558(a).

## CONCLUSION

Mr. Curley requests the LWDA initiate investigation of the violations described above. If the LWDA does not pursue enforcement within the time proscribed by law, Claimant will pursue claims for statutory and civil penalties and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Order, including all

available civil penalties set forth in Labor Code section 2699(f)(2) and Labor Code sections 558(a)(1)-(3).

Very truly yours,
COHELAN KHOURY & SINGER

J. Jason Hill, Esq.

cc (via email only):
Brad Nakase, Esq.
Jared Peterson, Esq.
NAKASE LAW FIRM, INC.
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
brad@NakaseLawFirm.com
jared@nakaselawfirm.com


JL Sean Slattery, Esq.
David P. Hall, Esq.
Richard Mojica, Esq.
CARLSBAD LAW GROUP, LLP
5050 Avenida Encinas, Suite 300
Carlsbad, CA 92008
sslattery@carlsbadlawgroup.com
dhall@carlsbadlawgroup.com
rmojica@carlsbadlawgroup.com



CASE NUMBER: 37-2021-00019761-CU-OE-CTL     CASE TITLE: CURLEY vs PAR ELECTRICAL CONTRACTORS INC [E-

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | *FOR COURT USE ONLY* |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

| PLAINTIFF(S): Korey Curley |
|---|
| DEFENDANT(S): Par Electrical Contractors Inc |
| SHORT TITLE: CURLEY VS PAR ELECTRICAL CONTRACTORS INC [E-FILE] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00019761-CU-OE-CTL |
|---|---|

Judge: Katherine Bacal                                                                            Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., *private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)*

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                           Name of Defendant

Signature                                                      Signature

Name of Plaintiff's Attorney                            Name of Defendant's Attorney

Signature                                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/05/2021                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                    Page: 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7069 |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | Korey Curley |
| DEFENDANT(S) / RESPONDENT(S): | Par Electrical Contractors Inc |

CURLEY VS PAR ELECTRICAL CONTRACTORS INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2021-00019761-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Katherine Bacal                    Department: C-69

## COMPLAINT/PETITION FILED: 05/04/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/22/2021 | 10:00 am | C-69 | Katherine Bacal |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

1  **COHELAN KHOURY & SINGER**
   Michael D. Singer (SBN 115301)
2  msinger@ckslaw.com
   J. Jason Hill (SBN 179630)
3  jhill@ckslaw.com
   605 C Street, Suite 200
4  San Diego, CA 92101
   Telephone: (619) 595-3001/Facsimile: (619) 595-3000
5

6  **NAKASE LAW FIRM, INC.**
   Brad Nakase (SBN 236226)
7  brad@nakaselawfirm.com
   Jared D. Peterson (SBN 270473)
8  jared@nakaselawfirm.com
   2221 Camino Del Rio South, Suite 300
9  San Diego, CA 92108
   Telephone: (619) 550-1321
10

11 Attorneys for Plaintiff Korey Curley, on behalf of himself
   and other similarly-situated and aggrieved employees
12

13        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14             **FOR THE COUNTY OF SAN DIEGO**

15 | KOREY CURLEY, on behalf of himself   | CASE NO. 37-2021-00019761-CU-OE-CTL
   | and other similarly-situated and aggrieved | ASSIGNED FOR ALL PURPOSES TO:
16 | employees,                           | The Honorable Katherine Bacal
   |                                      | Department C-69
17 |           Plaintiff,                 |
18 |                                      | **CLASS AND REPRESENTATIVE ACTION**
   |                                      |
19 |     vs.                              | **PLAINTIFF KOREY CURLEY'S SPECIAL**
   |                                      | **INTERROGATORIES TO DEFENDANT**
20 | PAR ELECTRICAL CONTRACTORS,          | **PAR ELECTRICAL CONTRACTORS, INC.**
   | INC., a Missouri Corporation; and DOES | **(SET ONE)**
21 | 1 through 10, inclusive,             |
22 |           Defendants.               |
23 |                                      | Complaint filed:    May 4, 2021
   |                                      | Trial date:         Not set
24

25

26

27

28

_(left margin, vertical text)_ COHELAN KHOURY & SINGER  605 C Street, Suite 200  San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 | PROPOUNDING PARTY: Plaintiff **KOREY CURLEY**

2 | RESPONDING PARTY:     Defendant **PAR ELECTRICAL CONTRACTORS, INC.**

3 | SET NUMBER:           **ONE (1) (Nos. 1-8)**

4 |     Pursuant to California Code of Civil Procedure sections 2030.010, *et seq.*, Plaintiff

5 | Korey Curley ("Plaintiff") requests that Defendant PAR Electrical Contractors, Inc., ("PAR

6 | Electrical" or "Defendant") respond, under oath, to the following specially-prepared

7 | Interrogatories within 30 days. Each interrogatory is required to be answered on the basis of the

8 | entire knowledge of Defendant, including all information in the possession of agents,

9 | employees, representatives, and attorneys, and all those persons subject to Defendant's direction

10 | or control.

11 | **DEFINITIONS**

12 |     **DOCUMENT** means a writing as defined in California Evidence Code section 250, and

13 | includes the original or a copy of handwriting, typewriting, printing, photographing, and every

14 | other means of recording upon any tangible thing, and includes letters, words, pictures, sounds

15 | or symbols, or any combination of them. This definition includes all electronic correspondence,

16 | whether in native format or not, including emails, text messages, instant messages, and similar

17 | means of electronic communications. This request is subject to ESI rules for California.

18 |     **YOU, YOUR,** or **DEFENDANT** means **PAR ELECTRICAL CONTRACTORS,**

19 | **INC.** and anyone acting on its behalf during the proposed **CLASS PERIOD** and/or **PAGA**

20 | **PERIOD** applicable and defined below.

21 |     **CLASS PERIOD** is defined to be from May 4, 2017 to the date of **YOUR** final

22 | response to this discovery request.

23 |     **CLASS MEMBERS** is defined as: All individuals employed by **DEFENDANT** in the

24 | State of California as non-exempt hourly electrical installation employees and/or any other

25 | similar job title or position at any time during the **CLASS PERIOD.**

26 |     **POTENTIALLY AGGRIEVED EMPLOYEES** is defined as: All individuals

27 | employed by **DEFENDANT** in the State of California as non-exempt hourly electrical

28 | installation employees and/or any other similar job title or position at any time during the

PAGA PERIOD.

PAGA PERIOD means one-year from the date of Plaintiff's LWDA PAGA Notice, February 4, 2020, through the date of **YOUR** final response to this Discovery Request.

**IDENTIFY** as to natural persons means provide full name, street address, city, state, zip code, complete telephone number, and email address for each. **IDENTIFY** as to **DOCUMENTS** means provide the date the **DOCUMENT** was created, the author(s), the recipients, and those who have the writing, or copies, in their possession, custody, or control.

## SPECIAL INTERROGATORIES

### INTERROGATORY NO. 1:

Please **IDENTIFY** (provide the full name, job title, last known address, telephone number, and email address) all proposed **CLASS MEMBERS YOU** employed during the proposed **CLASS PERIOD**. (Note: Plaintiff will permit production of this data with a neutral Privacy Opt-out Notice mailed to **CLASS MEMBERS**.)

### INTERROGATORY NO. 2:

Please **IDENTIFY** (provide the full name, job title, last known address, telephone number, and email address) all **POTENTIALLY AGGRIEVED EMPLOYEES YOU** employed during the proposed **PAGA PERIOD**. (Note: Plaintiff will permit production of this data with a neutral Privacy Opt-out Notice mailed to **POTENTIALLY AGGRIEVED EMPLOYEES**.)

### INTERROGATORY NO. 3:

Please state the total number of proposed **CLASS MEMBERS** during the proposed **CLASS PERIOD**.

### INTERROGATORY NO. 4:

Please state the total number of **POTENTIALLY AGGRIEVED EMPLOYEES** during the proposed **PAGA PERIOD**.

### INTERROGATORY NO. 5:

Please state the aggregate total number of pay periods applicable to **POTENTIALLY AGGRIEVED EMPLOYEES** during the proposed **PAGA PERIOD**.

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  **INTERROGATORY NO. 6:**

2     Please state the total number of proposed **CLASS MEMBERS** who separated from their

3  employment from **YOU** at any time from **May 4, 2018** through the date of **YOUR** final

4  response to this Discovery Request.

5  **INTERROGATORY NO. 7:**

6     Please state the total number of **POTENTIALLY AGGRIEVED EMPLOYEES** who

7  separated from their employment from **YOU** at any time from **February 4, 2020** through the

8  date of **YOUR** final response to this Discovery Request.

9  **INTERROGATORY NO. 8:**

10    Please state the location by address for each office from which **YOU** conducted business

11 in the State of California during the proposed **CLASS PERIOD.**

12

13                                              **COHELAN KHOURY & SINGER**
                                               **NAKASE LAW FIRM, INC.**

14

15

16 Dated: June 14, 2021                   By: _____
                                               Michael D. Singer, Esq.
17                                             J. Jason Hill, Esq.
                                               Attorneys for Plaintiff Korey Curley, on behalf of
18                                             himself and other similarly-situated and aggrieved
                                               employees
19

20

21

22

23

24

25

26

27

28

Plaintiff's Interrogatories to Defendant PAR Electrical Contractors, Inc. (Set One)
Case No. 37-2021-00019761-CU-OE-CTL

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## PROOF OF SERVICE

*Curley v. PAR Electrical Contractors, Inc.*

**S.D.S.C. Case No. 37-2021-00019761-CU-OE-CTL**

I, Karla Sousa, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with United States Postal Service; and that the correspondence shall be deposited with United States Postal Service this same day in the ordinary course of business.

On June 14, 2021, I instituted service of the forgoing document(s) described as:

**PLAINTIFF KOREY CURLEY'S SPECIAL INTERROGATORIES TO DEFENDANT PAR ELECTRICAL CONTRACTORS, INC. (SET ONE)**

by placing a true copy of each document in a separate envelope addressed as follows:

| **Counsel for Defendant** | **Co-Counsel for Plaintiff** |
|---|---|
| JL Sean Slattery, Esq. | Brad Nakase, Esq. |
| David P. Hall, Esq. | Jared Peterson, Esq. |
| Richard Mojica, Esq. | NAKASE LAW FIRM, INC. |
| Cynthia L. Marks, Esq. | 2221 Camino Del Rio South, Suite 300 |
| CARLSBAD LAW GROUP, LLP | San Diego, CA 92108 |
| 5050 Avenida Encinas, Suite 300 | |
| Carlsbad, CA 92008 | |

I then caused service of each document in the manner described below:

**[XX]** **BY MAIL**: I placed each for deposit in the United States Postal Service this same day, at my business address shown above, following ordinary business practices.

**[XX]** **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 14, 2021, at San Diego, California.

_____
Karla Sousa

1 **COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
2 msinger@ckslaw.com
J. Jason Hill (SBN 179630)
3 jhill@ckslaw.com
605 C Street, Suite 200
4 San Diego, CA 92101
5 Telephone: (619) 595-3001/Facsimile: (619) 595-3000

6 **NAKASE LAW FIRM, INC.**
Brad Nakase (SBN 236226)
7 brad@nakaselawfirm.com
Jared D. Peterson (SBN 270473)
8 jared@nakaselawfirm.com
2221 Camino Del Rio South, Suite 300
9 San Diego, CA 92108
10 Telephone: (619) 550-1321

11 Attorneys for Plaintiff Korey Curley, on behalf of himself
and other similarly-situated and aggrieved employees
12

13 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 **FOR THE COUNTY OF SAN DIEGO**

<table>
<tr><td>

15 KOREY CURLEY, on behalf of himself
and other similarly-situated and aggrieved
16 employees,

17          Plaintiff,

18     vs.

19
PAR ELECTRICAL CONTRACTORS,
20 INC., a Missouri Corporation; and DOES
1 through 10, inclusive,
21

22     Defendants.

23
</td><td>

CASE NO. 37-2021-00019761-CU-OE-CTL
ASSIGNED FOR ALL PURPOSES TO:
The Honorable Katherine Bacal
Department C-69

**CLASS AND REPRESENTATIVE ACTION**

**PLAINTIFF KOREY CURLEY'S SPECIAL
INTERROGATORIES TO DEFENDANT
PAR ELECTRICAL CONTRACTORS, INC.
(SET ONE)**

Complaint filed:    May 4, 2021
Trial date:         Not set
</td></tr>
</table>

24

25

26

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 **PROPOUNDING PARTY: Plaintiff KOREY CURLEY**

2 **RESPONDING PARTY:** Defendant **PAR ELECTRICAL CONTRACTORS, INC.**

3 **SET NUMBER:** **ONE (1) (Nos. 1-8)**

4     Pursuant to California Code of Civil Procedure sections 2030.010, *et seq*., Plaintiff

5 Korey Curley ("Plaintiff") requests that Defendant PAR Electrical Contractors, Inc., ("PAR

6 Electrical" or "Defendant") respond, under oath, to the following specially-prepared

7 Interrogatories within 30 days. Each interrogatory is required to be answered on the basis of the

8 entire knowledge of Defendant, including all information in the possession of agents,

9 employees, representatives, and attorneys, and all those persons subject to Defendant's direction

10 or control.

11 <u>**DEFINITIONS**</u>

12     **DOCUMENT** means a writing as defined in California Evidence Code section 250, and

13 includes the original or a copy of handwriting, typewriting, printing, photographing, and every

14 other means of recording upon any tangible thing, and includes letters, words, pictures, sounds

15 or symbols, or any combination of them. This definition includes all electronic correspondence,

16 whether in native format or not, including emails, text messages, instant messages, and similar

17 means of electronic communications. This request is subject to ESI rules for California.

18     **YOU, YOUR,** or **DEFENDANT** means **PAR ELECTRICAL CONTRACTORS,**

19 **INC.** and anyone acting on its behalf during the proposed **CLASS PERIOD** and/or **PAGA**

20 **PERIOD** applicable and defined below.

21     **CLASS PERIOD** is defined to be from May 4, 2017 to the date of **YOUR** final

22 response to this discovery request.

23     **CLASS MEMBERS** is defined as: All individuals employed by **DEFENDANT** in the

24 State of California as non-exempt hourly electrical installation employees and/or any other

25 similar job title or position at any time during the **CLASS PERIOD**.

26     **POTENTIALLY AGGRIEVED EMPLOYEES** is defined as: All individuals

27 employed by **DEFENDANT** in the State of California as non-exempt hourly electrical

28 installation employees and/or any other similar job title or position at any time during the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -

**PAGA PERIOD.**

**PAGA PERIOD** means one-year from the date of Plaintiff's LWDA PAGA Notice, February 4, 2020, through the date of **YOUR** final response to this Discovery Request.

**IDENTIFY** as to natural persons means provide full name, street address, city, state, zip code, complete telephone number, and email address for each. **IDENTIFY** as to **DOCUMENTS** means provide the date the **DOCUMENT** was created, the author(s), the recipients, and those who have the writing, or copies, in their possession, custody, or control.

**SPECIAL INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please **IDENTIFY** (provide the full name, job title, last known address, telephone number, and email address) all proposed **CLASS MEMBERS YOU** employed during the proposed **CLASS PERIOD**. (Note: Plaintiff will permit production of this data with a neutral Privacy Opt-out Notice mailed to **CLASS MEMBERS**.)

**INTERROGATORY NO. 2:**

Please **IDENTIFY** (provide the full name, job title, last known address, telephone number, and email address) all **POTENTIALLY AGGRIEVED EMPLOYEES YOU** employed during the proposed **PAGA PERIOD**. (Note: Plaintiff will permit production of this data with a neutral Privacy Opt-out Notice mailed to **POTENTIALLY AGGRIEVED EMPLOYEES**.)

**INTERROGATORY NO. 3:**

Please state the total number of proposed **CLASS MEMBERS** during the proposed **CLASS PERIOD**.

**INTERROGATORY NO. 4:**

Please state the total number of **POTENTIALLY AGGRIEVED EMPLOYEES** during the proposed **PAGA PERIOD**.

**INTERROGATORY NO. 5:**

Please state the aggregate total number of pay periods applicable to **POTENTIALLY AGGRIEVED EMPLOYEES** during the proposed **PAGA PERIOD**.

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**INTERROGATORY NO. 6:**

Please state the total number of proposed **CLASS MEMBERS** who separated from their employment from **YOU** at any time from **May 4, 2018** through the date of **YOUR** final response to this Discovery Request.

**INTERROGATORY NO. 7:**

Please state the total number of **POTENTIALLY AGGRIEVED EMPLOYEES** who separated from their employment from **YOU** at any time from **February 4, 2020** through the date of **YOUR** final response to this Discovery Request.

**INTERROGATORY NO. 8:**

Please state the location by address for each office from which **YOU** conducted business in the State of California during the proposed **CLASS PERIOD.**

COHELAN KHOURY & SINGER
NAKASE LAW FIRM, INC.

Dated: June 14, 2021

By: _____
        Michael D. Singer, Esq.
        J. Jason Hill, Esq.
Attorneys for Plaintiff Korey Curley, on behalf of
himself and other similarly-situated and aggrieved
employees

*Curley v. PAR Electrical Contractors, Inc.*

**S.D.S.C. Case No. 37-2021-00019761-CU-OE-CTL**

I, Karla Sousa, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with United States Postal Service; and that the correspondence shall be deposited with United States Postal Service this same day in the ordinary course of business.

On June 15, 2021, I instituted service of the forgoing document(s) described as:

**PLAINTIFF KOREY CURLEY'S SPECIAL INTERROGATORIES TO DEFENDANT PAR ELECTRICAL CONTRACTORS, INC. (SET ONE)**

by placing a true copy of each document in a separate envelope addressed as follows:

| **Authorized Agent for Defendant** | **Co-Counsel for Plaintiff** |
|---|---|
| PAR Electrical Contractors, Inc. *(via certified)* | Brad Nakase, Esq. *(via first-class mail)* |
| c/o CSC Lawyers Incorporating Service | Jared Peterson, Esq. |
| 2710 Gateway Oaks Drive, Suite 150N | NAKASE LAW FIRM, INC. |
| Sacramento, CA 95833 | 2221 Camino Del Rio South, Suite 300 |
| | San Diego, CA 92108 |

I then caused service of each document in the manner described below:

**[XX]  BY CERTIFIED MAIL**: I placed each for deposit in the United States Postal Service this same day, at my business address shown above, following ordinary business practices.

**[XX]  MAIL**: I placed each for deposit in the United States Postal Service this same day, at my business address shown above, following ordinary business practices.

**[XX]  STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 15, 2021, at San Diego, California.

_____

Karla Sousa

**CERTIFIED MAIL**

COHELAN KHOURY & SINGER
ATTORNEYS AT LAW
605 C STREET, STE. 200
SAN DIEGO, CALIFORNIA 92101-5305



7019 2970 0001 3829 1524



FIRST-CLASS

PITNEY BOWES
US POSTAGE
02 7H      $ 004.11⁰
0001262230      JUN 15 2021
MAILED FROM ZIP CODE 92101

PAR Electrical Contractors, Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833