1  JL SEAN SLATTERY (SBN: 210965)
2  CYNTHIA L. MARKS (SBN: 136613)
   CARLSBAD LAW GROUP, LLP
3  5050 Avenida Encinas, Suite 300
   Carlsbad, California 92008
4  Telephone: (858) 793-6244
   Facsimile: (858) 793-6005
5

6  Attorneys for Defendant:  PAR ELECTRICAL CONTRACTORS, INC.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN DIEGO**

10                                              '21 CV1200 GPC AGS

11  KOREY CURLEY, on behalf of himself and          ) CASE NO: 37-2021-00019761-CU-OE-CTL
    other similarly-situated and aggrieved          )
12  employees,                                      ) *Assigned for all Purposes to the Hon.*
                                                    ) *Katherine Bacal, Dept. C-69*
13                          Plaintiff,              )
                                                    ) **ANSWER TO COMPLAINT**
14                  vs.                             )
                                                    ) **"IMAGED FILE"**
15  PAR ELECTRICAL CONTRACTORS, INC.,               )
    a Missouri Corporation; and DOES 1-10,          )
16  inclusive,                                      )
                                                    )
17                          Defendants.             ) Complaint Filed: May 4, 2021
                                                    ) Date of Trial: None Set
18                                                  )
                                                    )
19                                                  )
                                                    )
20  _____        )

21

22          Defendant PAR ELECTRICAL CONTRACTORS, INC. ("Defendant") submits the

23  following response to the unverified Complaint filed by KOREY CURLEY ("Plaintiff") as

24  follows:

25                              GENERAL DENIAL

26          Pursuant to the provisions of the California Code of Civil Procedure § 431.30(d),

27  Defendant denies generally and specifically each and every allegation contained in the Plaintiff's

28  Complaint.  In addition, Defendant denies that Plaintiff and any alleged aggrieved employee has

                                        -1-
                              ANSWER TO COMPLAINT

sustained, or will sustain, any injury, loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant, or at all.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to, Code of Civil Procedure § 340.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff and the purported aggrieved employees were not employed by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and the purported aggrieved employees are estopped by their own conduct to claim any right to damages or any relief against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of laches, because Plaintiff and the purported aggrieved employees delayed inexcusably and unreasonably in pursuing any alleged claims, causing substantial prejudice to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's Complaint, and each purported cause of action alleged therein, is

barred by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff and the purported aggrieved employees come to this Court with unclean hands, and are barred from recovery under this Complaint, or any cause of action therein.

EIGHTH AFFIRMATIVE DEFENSE

8.     To the extent Plaintiff and the purported aggrieved employees were employees, which Defendant expressly denies, Plaintiff and the purported aggrieved employees' claims are barred, in whole or in part, by the doctrine of *in pari delicto* due to the conduct of Plaintiff and the purported aggrieved employees, including but not limited to their voluntary waiver of the meal periods and rest breaks that they were provided the opportunity to take, and their voluntary decision not to request reimbursement for any expenses they incurred.

NINTH AFFIRMATIVE DEFENSE

9.     Defendant is entitled to an offset for amounts Plaintiff and the purported aggrieved employees owe Defendant for receipt of any wages, remuneration, and/or other benefits to which they are not entitled and/or did not earn, or to which they would not be entitled as employees, including to an offset against any damages allegedly incurred or restitution or penalties sought by Plaintiff and the purported aggrieved employees for the value of the goods that Plaintiff and the purported aggrieved employees received in connection with their purchases.

TENTH AFFIRMATIVE DEFENSE

10.     Defendant is informed and believes, and thereon alleges, that Plaintiff and the purported aggrieved employees are barred, or at least limited, by the doctrine of unknown hours worked.

ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff or any purported aggrieved employees previously have pursued the same claim in any court or administrative forum.

TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent Plaintiff and the purported aggrieved employees were employees,

-3-
ANSWER TO COMPLAINT

which Defendant expressly denies, Plaintiff's and the purported aggrieved employees' claims are barred, in whole or in part, because Plaintiff and the purported aggrieved employees did not suffer injury or damage as a result of a knowing and intentional failure by their claimed and alleged employer to comply with Labor Code § 226(a).

THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a valid claim for attorney's fees against Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's PAGA claim is barred pursuant to the United States Constitution and the California Constitution to the extent Labor Code § 2698 *et seq.* imposes double penalties and violates the due process rights of Defendant.

FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's PAGA claim is barred pursuant to the Eighth Amendment of the United States Constitution and Article I, Section 17, of the California Constitution because the penalties impose excessive fines and violates the due process rights of Defendant.

SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's PAGA claim is barred because he is not an aggrieved employee as that term is defined in Labor Code § 2699(c).

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's PAGA claim is barred because Plaintiffs failed to exhaust administrative remedies that are a precondition to suit under PAGA.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant is informed and believes, and thereon alleges, that there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff and the purported aggrieved employees, and if so, the amount thereof.

NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's PAGA claim is barred pursuant to the United States Constitution and the California Constitution because the standards governing the differentiation of employees

from non-employees are unconstitutionally vague and ambiguous, and therefore violates Defendant's due process rights.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing to bring and maintain the instant action on behalf of the purported aggrieved employees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     To the extent Plaintiff and the purported aggrieved employees were employees, which Defendant expressly denies, Plaintiff's and the purported aggrieved employees' claims under Labor Code § 221 are barred, in whole or in part, because, at all relevant times, Defendant reimbursed its employees for the costs of expenses incurred in the discharge of their duties and/or did not otherwise require them to bear such costs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     To the extent Plaintiff and the purported aggrieved employees were employees, which Defendant expressly denies, Plaintiff's and the purported aggrieved employees' claims under the Labor Code § 221 are barred, in whole or in part, because the IWC Wage Orders specifically permit an employer to make a reasonable deduction and/or obtain reimbursement from an employee for losses or shortages caused by an employee's dishonest or willful act or gross negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent Plaintiff and the purported aggrieved employees were employees, which Defendant expressly denies, Plaintiff's and the purported aggrieved employees' claims under Labor Code § 2802 are barred, in whole or in part, because the purchases or expenses about which Plaintiff complains on behalf of himself and the purported aggrieved employees were not necessary.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to reimburse employee expenses or unlawful deduction of employee expenses is barred because,

assuming *arguendo* that such expenses were reasonably incurred by Plaintiff and/or the purported aggrieved employees in the course and scope of employment with Defendant, which Defendant denies, none ever gave Defendant notice that any such expenses were incurred, they did not request reimbursement for such expenses from Defendant, and Defendant was, at all relevant times, unaware that such expenses had been incurred.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

25.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to reimburse employee expenses or unlawful deduction of employee expenses is barred, in whole or in part, because Plaintiff and the purported aggrieved employees did not incur "necessary expenditures or losses . . . in direct consequence of the discharge of [their] duties" as defined under California Labor Code § 2802, and any award of such expenditures or losses would unjustly enrich Plaintiff and the purported aggrieved employees.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

26.     Plaintiff's claim for liquidated damages under California Labor Code § 1194.2 fails because the alleged acts or omissions giving rise to Defendant's alleged failure to pay Plaintiffs and the aggrieved employees the minimum wage, was in good faith and Defendant had reasonable grounds for believing that the acts and omissions were not a violation of any provision of the Labor Code relating to minimum wage, any applicable prevailing wage determination, or an order of the commission.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

27.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred or reduced to the extent that Plaintiff and any purported aggrieved employees entered into an accord and satisfaction of any claim asserted in this lawsuit.

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

28.     Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff and the purported aggrieved employees have suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such alleged conduct.

TWENTY-NINTH AFFIRMATIVE DEFENSE

29.　　To the extent Defendant was required to provide Plaintiff and the purported aggrieved employees with meal and rest periods, which Defendant expressly denies, Plaintiffs and the purported aggrieved employees' claims are barred because Defendant provided them with meal and rest periods, and they voluntarily waived their right to take the meal and rest periods as provided.

THIRTIETH AFFIRMATIVE DEFENSE

30.　　To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Defendant did not willfully violate the requirements of Labor Code §§ 201, 202, and 203, or any other applicable Labor Code section, and a good faith dispute exists concerning such alleged violations.

THIRTY-FIRST AFFIRMATIVE DEFENSE

31.　　Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, Defendant maintains that any recovery for unpaid wages, including but not limited to claims for unpaid overtime and unpaid meal and rest period premiums, as well as unreimbursed business expenses for Plaintiff and the purported aggrieved employees, are barred because any unpaid wages or unreimbursed expense are *de minimus*.

THIRTY-SECOND AFFIRMATIVE DEFENSE

32.　　Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because provisions of the California Labor Code and the IWC Wage Orders that Plaintiff relies upon are superseded, abrogated, and/or preempted, under the Supremacy Clause of the United States Constitution, provisions of the Internal Revenue Code, by the Federal Fair Labor Standards Act and/or by other grounds.

THIRTY-THIRD AFFIRMATIVE DEFENSE

33.　　Plaintiff and the purported aggrieved employees are not entitled to recovery of penalties under PAGA to the extent that such penalties represent duplicative recovery and/or unjust enrichment for Plaintiff and the purported aggrieved employees.

-7-

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because the actions taken by the employees or agents of Defendant, if any, were justified and/or privileged, and consistent with all applicable obligations and duties of Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Defendant alleges that if Plaintiff and the purported aggrieved employees suffered or sustained any loss or damages as alleged in the Complaint, which is denied, such loss or damage was occasioned by risks that Plaintiff and the purported aggrieved employees knowingly and voluntarily assumed.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's purported PAGA cause of action is barred because Plaintiff consented to and ratified all of the alleged acts or omissions of Defendant by reason of Plaintiff's knowledge, conduct, and statements.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred and any recovery should be reduced, because of Plaintiff's and the purported aggrieved employees' own neglect and fault in connection with the matters alleged.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because any conduct complained of against Defendant and its agents, if any, was just and proper exercise of management discretion undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant that would support an award of penalties and/or punitive damages.

## FORTIETH AFFIRMATIVE DEFENSE

40.    Defendant alleges that the hours for which Plaintiff and the purported aggrieved

employees claim they are entitled to were not "hours worked" within the meaning of the applicable statute and federal laws, and that Plaintiff and the purported aggrieved employees are not entitled to any penalties, income or overtime compensation for these hours.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and the purported aggrieved employees have agreed to arbitrate all of the purported claims by way of an arbitration agreement, including but not limited to any claims for recovery of alleged "unpaid wages".

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.    Plaintiff and the purported aggrieved employees were properly classified as independent contractors under state and federal law and were thus exempt from state and federal minimum wage and overtime pay requirements.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.    Defendant alleges the existence of a valid and enforceable contract, which bars or limits Plaintiff and the purported aggrieved employees from obtaining relief; Defendant further alleges Plaintiff and the purported aggrieved employees breached that contract which likewise bars or limits them from obtaining relief.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    Plaintiff's PAGA claim is barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    The purported PAGA cause of action is barred to the extent Plaintiff and the purported aggrieved employees seek penalties beyond the "initial" violation described in California Labor Code § 2699 and/or any other applicable California Labor Code provision.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    Plaintiff's purported PAGA cause of action is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

///

ANSWER TO COMPLAINT

1

<u>FORTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2       47.    Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot

3   fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendant

4   reserves the right to assert additional defenses, if and to the extent such defenses are later found

5   applicable.

6   <u>PRAYER</u>

7       WHEREFORE, Defendant prays for judgment as follows:

8       1.    That Plaintiff takes nothing by his Complaint;

9       2.    That the Complaint and each cause of action be dismissed in its entirety with

10  prejudice;

11      3.    That Plaintiff be denied each and every demand and prayer for relief contained in

12  the Complaint;

13      4.    For costs of suit incurred herein, including reasonable attorney's fees; and

14      5.    For such other and further relief as the Court deems just and equitable.

15

16  Dated:  June 29, 2021             CARLSBAD LAW GROUP, LLP

17

18                                By:_____
                                  JL Sean Slattery

19                                    Cynthia L. Marks

20                                    Attorneys for Defendant: PAR ELECTRICAL
                                  CONTRACTORS, INC.

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

| | COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br>**IN AND FOR THE COUNTY OF SAN DIEGO**<br><br>ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>JL Sean Slattery (SBN: 210965)<br>Cynthia L. Marks (SBN: 136613)    Tel:  (858) 793-6244<br>CARLSBAD LAW GROUP, LLP    Fax  (858) 793-6005<br>5050 Avenida Encinas, Suite 300<br>Carlsbad, California 92008 | |
| SHORT CASE TITLE<br>Korey Curley v. PAR Electrical Contractors, Inc. | DEPT:  C-69 |
| ATTORNEYS FOR DEFENDANT<br>PAR Electrical Contractors, Inc. | Case No.<br>37-2021-00019761-CU-OE-CTL |

### PROOF OF SERVICE

I, the undersigned, say:  I am over 18 years of age, employed in the County of San Diego, California, and that I am not a party to the subject cause.  My business address is 5050 Avenida Encinas, Suite 300, Carlsbad, California 92008.

On June 29, 2021, I served the following document(s):

**1. ANSWER TO COMPLAINT**

on interested parties in this action as follows:

| | |
|---|---|
| Michael D. Singer, Esq.<br>J. Jason Hill, Esq.<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, California 92101<br>(619) 595-3001 – Telephone<br>(619) 595-3000 – Facsimile<br>Email: msinger@ckslaw.com<br>Email: jhill@ckslaw.com | Brad Nakase, Esq.<br>Jared D. Peterson, Esq.<br>NAKASE LAW FIRM, INC.<br>2221 Camino Del Rio South, Suite 300<br>San Diego, California 92018<br>(619) 550-1321<br>Email: brad@nakaselawfirm.com<br>Email: jared@nakaselawfirm.com |
| Attorneys for Plaintiff: Korey Curley, on behalf of himself and other similarly-situated and aggrieved employees | Attorneys for Plaintiff: Korey Curley, on behalf of himself and other similarly-situated and aggrieved employees |

( )    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**.  I am familiar with this firm's practice of collection and processing correspondence for certified mailing, return receipt requested with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §877.6.

///

///

**PROOF OF SERVICE**

( X )   **BY MAIL**.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

(   )   **BY FAX**.  In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e).

(   )   **BY PERSONAL SERVICE**.  I hand-delivered said document(s) to the addressee pursuant to Code of Civil Procedure §1011.

(   )   **BY PERSONAL SERVICE**.  I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office or residence of the address.

(   )   **BY FEDERAL EXPRESS**.  I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

( X )   **BY EMAIL.**  I emailed the document(s) listed above to the E-mail address(es) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 29, 2021                         _____
                                                                          Amy Joens

-2-

**PROOF OF SERVICE**